**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| AMANDA LLOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| THE BLACK SHEEP KITCHEN & BAR, LLC, | ) |
| d/b/a THE BLACK SHEEP RESTAURANT, | ) |
| | ) |
| **Serve:** Registered Agent | ) |
| Colette Reilly Silva | ) |
| 9935 Discovery Blvd. | ) |
| Manassas, VA 20109, | ) |
| | ) |
| and | ) |
| | ) |
| VILLAGIO HOSPITATLITY GROUP LLC, | ) |
| d/b/a THE BLACK SHEEP RESTAURANT, | ) |
| | ) |
| **Serve:** Registered Agent | ) |
| Colette Reilly Silva | ) |
| 9935 Discovery Blvd. | ) |
| Manassas, VA 20109, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**COMPLAINT**

COMES NOW the Plaintiff, Amanda Lloyd ("Ms. Lloyd" or "Plaintiff"), by counsel, and

hereby files her complaint for damages against the defendants, The Black Sheep Kitchen & Bar,

LLC d/b/a The Black Sheep Restaurant and Villagio Hospitality Group LLC d/b/a The Black

Sheep Restaurant (collectively referred to as "Defendants"). In support thereof Plaintiff states as

follows:

1

**NATURE OF THE CASE**

1.      Plaintiff brings this action against Defendants under the Fair Labor Standards Act Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") for violation of the Family First Coronavirus Response Act, Pub. L. No. 116-127, § 5105(b), 134 Stat. 178, 197 (2020) ("FFCRA").

**JURISDICTION AND VENUE**

2.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the Complaint alleges violations under the FLSA.

3.      This Court has personal jurisdiction over the Defendant because it performed the acts complained of herein within this district.

4.      Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

**PARTIES**

5.      Amanda Lloyd is an adult citizen and resident of the Commonwealth of Virginia.

6.      Upon information and belief, The Black Sheep Kitchen & Bar, LLC d/b/a The Black Sheep Restaurant is a limited liability company formed under the laws of the Commonwealth of Virginia.

7.      Upon information and belief, Villagio Hospitality Group LLC d/b/a The Black Sheep Restaurant is a limited liability company formed under the laws of the Commonwealth of Virginia.

**FACTUAL BACKGROUND**

8.      The Defendants employed Ms. Lloyd as manager at their restaurant in Manassas, Virginia, the Black Sheep Restaurant (the "Restaurant").

9.      As a result of the COVID-19 pandemic, Ms. Lloyd was furloughed in March 2020.

10.     At or near the end of April 2020, Ms. Lloyd returned to work from the furlough.

11.     Defendants requested Ms. Lloyd to return to work at a lower rate of pay and less benefits.

12.     On June 25, 2020, Ms. Lloyd arrived at work and, as she entered the building, she followed The Black Sheep's new COVID-19 protocol and took her temperature.

13.     Ms. Lloyd recorded a temperature of 101°F.

14.     She informed her manager Angel Gonzalez.

15.     Mr. Gonzalez used the thermometer on himself and it registered a normal temperature.

16.     They continued to take her temperature without any change.

17.     Then, Ms. Lloyd was instructed by Joe Ortega to hold the thermometer farther away from her head.

18.     Mr. Ortega, then held the thermometer farther away and took Ms. Lloyd's temperature and informed Ms. Lloyd that she did not have a fever and was instructed to proceed to work.

19.     Then on July 6, 2020, during Ms. Lloyd's shift she reported that her throat began hurting and she was instructed to go home and get some rest.

20.     Upon her return the following day, Ms. Lloyd received a message from her mother informing her that a family member that Ms. Lloyd had been contact with tested positive for COVID-19.

21.     At that time, she reported to her managers, Mr. Ortega and Vanessa Tewilliager, about her sore throat and the positive test of a family member.

22.     She did not receive a response and reported it to Human Resources.

23.     Human resources instructed to leave work and get tested.

24.     Ms. Lloyd went home and made an appointment to be tested.

25.     Ms. Lloyd received a negative test, however her doctor instructed her not to return to work until July 20, 2020.

26.     Ms. Lloyd forwarded the doctor's note to Ms. Tewilliager.

27.     On July 19, 2020, before she returned to work, Ms. Lloyd asked Ms. Tewilliager about the schedule and Ms. Tewilliager instructed her to report on July 20, 2020 at 2:00 pm.

28.     Upon her arrival, Ms. Lloyd was terminated.

## COUNT I
### (Retaliation – FLSA - FFCRA)

29.     Plaintiff restates and re-alleges the allegations contained in the proceeding paragraphs of the Factual Background section as if fully set forth herein.

30.     Under 29 C.F.R. § 826.150(a), "[a]n Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee took Paid Sick Leave under the EPSLA" (the Emergency Paid Sick Leave Act) which is a part of the FFCRA.

31.     Under 29 C.F.R. § 826.150(c), "[a]n Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217."

32.     Plaintiff engaged in protected activity protected under 29 U.S.C. § 215(a)(3) when she requested and took leave pursuant to the Emergency Paid Sick Leave Act under the FFCRA.

33.     As a direct and proximate result of engaging in the protected activity, Defendants terminated Plaintiff.

34.     By reason of the foregoing, Plaintiff has been damaged and is due lost wages in an amount as may be proven, and liquidated damages in the same amount, as well as reasonable attorneys' fees, interest, expenses, and costs under 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE The Black Sheep Kitchen & Bar, LLC d/b/a The Black Sheep Restaurant and Villagio Hospitality Group LLC d/b/a The Black Sheep Restaurant as follows:

(a)  Lost wages in the amount of $19,884.51 or in an amount to be proven at trial;

(b)  Liquidated damages in the amount of $19,884.51 or such amount as may be proven at trial;

(c)  Plaintiff's attorneys' fees and court costs as provided by 29 U.S.C. § 216(b);

(d)  Pre- and post-judgment interest; and

(e)  All other further relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury on all issues so triable.

Respectfully submitted,

_____/s/_____
John C. Cook, VSB No. 38310
Philip C. Krone, VSB No. 87723
Cook Craig & Francuzenko, PLLC
3050 Chain Bridge Road, Suite 200
Fairfax, VA 22030
(T): (703) 865-7480
(F): (703) 434-3510
jcook@cookcraig.com
pkrone@cookcraig.com
*Counsel for Plaintiff*